IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY E. RILEY,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>    Respondent. | No. C 07-05196 TEH (PR)<br><br>ORDER OF DISMISSAL;<br>GRANTING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 2) |

Petitioner, a California inmate incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his parole revocation. Petitioner has filed a motion to proceed in forma pauperis (Docket No. 2) pursuant to 28 U.S.C. § 1915(a).

**BACKGROUND**

According to the petition, Petitioner was on parole for a 2002 conviction when he was arrested on August 22, 2006, for kidnapping and rape. The first trial ended with a hung jury on December 18, 2006, and the second trial resulted with an acquittal on August 6, 2007. A probation revocation hearing was held on January 3, 2007, at which Petitioner was found guilty of violating the terms of his parole and sentenced to five years in state prison.

Petitioner appealed the conviction in Alameda County Superior Court sometime in 2007, and the matter was still pending on October 11, 2007, when Petitioner filed the

instant federal habeas petition. On January 3, 2008, Petitioner filed a copy of the California Court of Appeal's decision dismissing his appeal from the superior court's denial of his motion to modify his sentence. The state appellate court's decision was filed on December 4, 2007.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

B. <u>Exhaustion</u>

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). As Petitioner has not presented any of his claims to the highest state court, *i.e.*, the California Supreme Court, he has not exhausted his state court remedies. As such, the petition must be dismissed. See <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982), <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in <u>Rhines v. Webber</u>, 125 S. Ct. 1528, 1535 (2005) to completely

1  unexhausted petitions and finding that the district court must dismiss such a petition
2  based on <u>Jimenez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)).
3     A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to
4  federal court after exhausting available state remedies.  <u>See</u> <u>Trimble v. City of Santa</u>
5  <u>Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this petition is DISMISSED
6  without prejudice to Petitioner's filing a new federal habeas petition once he has
7  exhausted state remedies by presenting his claims to the highest state court.
8     Petitioner's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 2) is GRANTED.
9     The Clerk shall enter judgment and close the file.
10 IT IS SO ORDERED.
11 DATED:   March 24, 2008
    THELTON E. HENDERSON
12  United States District Judge